DAUKSCH, Judge.
This is an appeal from a declaratory relief judgment.
Appellee Furtado applied for insurance to Mr. Auto Insurance on November 26, 1984. Mr. Matthews, the agent at Mr. Auto Insurance, issued a motorcycle policy for Furtado through Standard Guaranty Insurance Company. In January 1985, Standard Guaranty issued a notice of policy cancellation for underwriting reasons. Furtado acknowledged that he received this notice some time in January. The notice stated that the policy would be terminated effective 12:01 a.m. standard time on March 2, 1985. Furtado stated that he understood that this policy would be can-celled on March 2, 1985.
Furtado had financed his insurance premium through MCL, Inc. of Miami, Florida. The finance company paid the premium in advance then required the insured to make monthly payments to the finance company for the advanced premium. Furtado had been making monthly payments to MCL. On February 6, 1985, MCL sent a ten-day notice of intent to cancel because the payment on the premium finance contract was past due.
Furtado testified that when he received the notice from Standard Guaranty of their intent to cancel the policy for underwriting purposes, he contacted Mr. Matthews at Mr. Auto Insurance. Mr. Matthews told Furtado to continue paying the monthly premium allowance and that he would contact Standard Guaranty to find out why the policy was being cancelled. Furtado testified that during the last week in February Mr. Matthews notified him that Standard Guaranty could not cover this particular motorcycle because it was too large. At that time Furtado read to Mr. Matthews the notices of cancellation that he had received from Standard Guaranty and MCL. Matthews told Furtado that the policy would be honored as of the last cancellation date.
On March 5, 1985, Furtado and his passenger, appellee Pattison, were injured in a collision with a car. On March 6, 1985, MCL sent another ten-day notice of intent to cancel because the payment on the premium finance contract was past due. Fur-tado testified that he paid both the February and the March monthly payment.
Furtado filed a complaint against Standard Guaranty seeking declaratory relief on the issues of insurance coverage and damages. Standard Guaranty filed an answer stating that the insurance policy was cancelled on March 2, 1985, three days before Furtado’s accident. The trial court, as trier of fact, entered an order stating that there was coverage because Standard Guaranty had allowed Furtado to continue paying premiums covering a period beyond the initially announced cancellation date and had lulled Furtado into a sense of security and belief that the March 2 cancellation date had been modified by MCL by the acceptance of premiums.
Standard Guaranty argues, and we agree, that the trial court’s order finding that the insurance policy was in effect at *1006 the time of the accident is erroneous and not supported by the evidence. Even though Furtado testified that he had the March 6 notice of intent to cancel, which would take effect March 16, 1985, in his hand when he spoke with Mr. Matthews at the end of February, this testimony is incorrect because it was physically impossible for Furtado to have in his hand in February a notice which was not sent until March 6, one day after Furtado’s accident.
Furtado’s March monthly payment to MCL, albeit late, did not obligate Standard Guaranty to extend the insurance coverage any further than the cancellation date of March 2. Standard Guaranty gave the requisite notice required by section 627.-728(2)(c) and (5), Florida Statutes (1985). After cancellation, Standard Guaranty refunded the premium paid by MCL, Inc. for Furtado.
It is clear that Mr. Furtado was notified prior to his accident that his insurance policy was cancelled as of March 2. Furtado had sufficient time to seek other insurance coverage. Furtado was not insured by Standard Guaranty on the date of his accident, March 5, 1985. Because there is no basis in fact for the trial court’s order we reverse.
REVERSED.
UPCHURCH, C.J., and SHARP, J., concur.